IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AUSTIN L. CURTIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:07cv307 |
| | § | |
| MICHAEL CHERTOFF, SECRETARY | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, IN HIS OFFICIAL | § | |
| CAPACITY ONLY, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**

Now before the Court is Defendant Michael Chertoff's Motion for Summary Judgment (Dkt. 62). The Court finds that it should be GRANTED.

This lawsuit arises out of claims of employment discrimination and retaliation under Title VII, "Bivens," and 42 U.S.C. §§ 1981, 1983, 1985, 1988. Plaintiff Austin Curtis was an employee of the Federal Emergency Management Agency (FEMA) which is currently a component of the Department of Homeland Security. According to Plaintiff, while he was employed by Defendant as a "Supply Management Specialist (Leader)," he was subjected to racial discrimination, a hostile working environment, and retaliation for his complaints of discrimination. According to Defendant, Plaintiff was never a supervisor while working at FEMA.

In his motion summary judgment, Defendant argues that Plaintiff's non-Title VII claims are barred because Title VII is the exclusive remedy for employment discrimination claims for federal employees. Further, Defendant argues that he is entitled to summary judgment on Plaintiff's Title VII claims because Plaintiff cannot make his *prima facie* case of discrimination and even if Plaintiff could present a *prima facie* case of discrimination, Plaintiff was terminated for legitimate non-discriminatory reasons, causing his claims to fail.

## MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party,

2

however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

### "Bivens" and Title 42 U.S.C. §§ 1981, 1983, 1985, 1988 Claims

In this case, Plaintiff purports to assert claims under *Bivens v. Six Unknown Named Agents* and Title 42 U.S.C. §§ 1981, 1983, 1985, and 1988 alleging the same set of facts that give rise to Plaintiff's Title VII claims. Defendant has argued that these claims cannot survive because Title VII is the exclusive remedy for such allegations and that the Section 1981 claim also fails because there

3

was no employment contract between the parties. Defendant further argues that Plaintiff has no viable "Bivens" claims as there are no Defendants acting in an individual capacity in this suit.

The Court agrees. Title VII of the Civil Rights Act is the exclusive and preemptive remedy for claims of racial discrimination in federal employment. *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992) (holding that the plaintiff's claims under 42 U.S.C. §§ 1981, 1983, 1985(3) are preempted by Title VII); *see Perez v. F.B.I.*, 71 F.3d 513, 515 (5th Cir. 1995) (holding that the plaintiff could not prevail on her "Bivens" action because Title VII was her exclusive remedy); *see also Lakoski v. James*, 66 F.3d 751, 755 (5th Cir. 1995); *Porter v. Adams*, 639 F.2d 273, 278 (5th Cir. 1981). Further, the Court already denied Plaintiff's request to add individual defendants in an attempt to assert "Bivens" claims (*see* Dkt. 53), and the only defendant here is Defendant Chertoff, who is proceeding in his official capacity only. Because Title VII is the exclusive remedy for the live allegations before the Court, summary judgment in favor of Defendant is appropriate on Plaintiff's "Bivens" and Title 42 U.S.C. §§ 1981, 1983, 1985, 1988 claims.

**Title VII Claims**

The grant of Defendant's summary judgment as to Plaintiff's "Bivens" and Title 42 U.S.C. §§ 1981, 1983, 1985, and 1988 claims leaves only his Title VII claims to be examined for purposes of this summary judgment motion. Title VII proscribes an employer from discharging or otherwise discriminating against any individual because of that individual's race. 42 U.S.C. § 2000e-2(a)(1). A Title VII inquiry is focused on whether the defendant intentionally discriminated against the plaintiff. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). Here, Plaintiff has made

4

claims of race-based discrimination, retaliation and termination under Title VII.

The Fifth Circuit has set forth a specific rubric under which this Court must analyze the summary judgment record in the employment discrimination context. The modified *McDonnell Douglas* test is used when analyzing claims for race discrimination under Title VII. Under the modified *McDonnell Douglas* approach, a plaintiff must demonstrate a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006). In order to establish a *prima facie* case of race discrimination, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified for the position; (3) an adverse employment action occurred; and (4) he was replaced by a person not in the protected group. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed.2d 407 (1993).

Once established, the *prima facie* case raises a presumption of discrimination which the defendant must rebut by articulating legitimate, nondiscriminatory reasons for its actions. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)*; see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed.2d 105 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). The burden on the employer at this stage is one of production, not persuasion and does not involve any assessment of the employer's credibility. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

5

Once the defendant produces evidence of a legitimate, nondiscriminatory reason for the adverse action, "the presumption of discrimination created by the plaintiff's *prima facie* case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005). Consequently, the burden shifts back to the plaintiff to show that either: (1) the defendant's reason is not true, but is instead designed to serve as pretext for unlawful discrimination; *or* (2) that the defendant's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Id.* at 351-52; *Rachid,* 376 F.3d at 312 (citation omitted). "[T]he plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th. Cir. 2007).

Having reviewed the record, the Court finds that Plaintiff has failed to make a *prima facie* showing of race discrimination. In particular, there is no evidence (or allegation) before the Court that Plaintiff was replaced by a person not in a protected class. Further, as noted above, even if Plaintiff had made a sufficient *prima facie* showing of discrimination, Defendant here has made a showing of a legitimate, nondiscriminatory reason for Plaintiff's termination. Specifically, Defendant has offered evidence in support of several grounds for Plaintiff's termination, including his failure to properly account for or make proper distribution of government cell phones, unauthorized use of government cell phone and government car for personal or unauthorized use, and for insubordination for driving a government vehicle without a valid Texas driver's license despite being ordered to get one. In the face of these non-discriminatory reasons (and the evidence

supporting them), Plaintiff is required to offer evidence of intentional discrimination to show that the reasons offered by Defendant are merely pretextual.

Plaintiff has not offered any credible evidence of discrimination or pretext. Indeed, Plaintiff has altogether failed to sustain his clear summary judgment burden here. Despite numerous chances to correct the summary judgment record, Plaintiff has failed to comply with this Court's rules and practice regarding proper citation to summary judgment evidence. Plaintiff was directed to comply with the Local Rule requiring him to attach "***excerpted copies*** of pleadings, depositions, answers to interrogatories, admissions, affidavits, and other admissible evidence cited in the motion for summary judgment or the response thereto" (*see* Dkt. 73 citing E.D. TEX. L. R. CV-56(d) (emphasis added)). He did not do so, but rather attached the entirety of the deposition transcripts for this Court's review. Plaintiff also appears to rely on summary judgment evidence which is not attached to his response or otherwise before the Court. For example, Plaintiff has cited to complaints made by him, Lawrence Bannister, Larry Springer, and Doris Miller, his interrogatory responses, "the records of the Branch Chief for FEMA Denton, Texas," and flyers containing racial epithets (*see* Dkt. 77 at 4, 13, 19, and 23) in support of his summary judgment response. Those documents, however, are not attached to his pleadings or part of the summary judgment record.

Moreover, the majority of Plaintiff's motion is wholly unsupported by any citations to the record. Rather than show how each piece of evidence supports a specific element of one of his claims, Plaintiff, in his late-filed response, has merely inserted a battery of page and line references to deposition testimony – often nonsensical as to their context and failing to specify which piece of

7

evidence he is referring – purporting to support his claims of discrimination (*see* Dkt. 77 at pp. 6-13). In regards to the entire 50-page deposition transcript of Mary Swann, Plaintiff has argued: "The material factual record of Ms. Swann's deposition alone creates a genuine issue of material fact that the human resources explanation for the hostile environment, retaliation, and termination of Plaintiff was not the result of pretextual, after the fact explanation to justify the grave and serious deviations from basic federal personnel procedures under EEO Management Directive 715." (Dkt. 77 at 14). In making this blanket statement, Plaintiff has not cited to a single excerpt from the deposition, nor has he attached a copy of the directive referenced. Arguments like this, without evidentiary support, are completely insufficient to sustain Plaintiff's burden.

And the arguments that are supported by citations to evidence still do not satisfy Plaintiff's *McDonnell Douglas* burden in showing pretext. Plaintiff has cited primarily to his own deposition transcript and interrogatory responses (which are – as noted above – not part of the summary judgment record) in support of his claim. A plaintiff's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is generally not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th. Cir. 1996). Further, Plaintiff's characterization of statements by Swann is not supported by the record or Swann's deposition testimony, and the Court, having made a general review of the entire deposition, finds that testimony does not create any issues of material fact in support of Plaintiff's claims.

In failing to show pretext under *McDonnell Douglas*, Plaintiff has also failed to provide the Court with any evidence to show that "the adverse employment action ... would not have occurred but for [the] protected conduct," causing any retaliation claim he has to fail. *Strong v. University HealthCare Sys.*, LLC, 482 F.3d 802, 806 (5th Cir. 2007). Similarly, Plaintiff has not shown that Defendant gave preferential treatment to another employee with "nearly identical" conduct in order to support his disparate treatment claim, *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 901 (5th Cir. 2002), nor has he pointed to any evidence of race-based harassment that affected a term, condition or privilege of his employment at FEMA in support of his hostile work environment claim. *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007); *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 434 (5th Cir.2005). Therefore, in light of the summary judgment evidence before this Court and having applied the parties' respective burdens, all of Plaintiff's claims under Title VII fail.

The Court notes that this is not the first instance in this case when Plaintiff has failed to comply with the Rules of Civil Procedure or the Local Rules of this Court with respect to this motion for summary judgment and other proceedings before the Court. Plaintiff has even failed to comply with Court requests regarding conducting a settlement conference prior to the Court addressing the merits of Defendant's summary judgment motion. Plaintiff was afforded three opportunities to file his summary judgment response such that it would comply with practice and procedure in this Court, and, in fact, there are at least five docket entries corresponding to Plaintiff's attempts at filing a single response. Simply put, the Court's patience is exhausted.

9

Although the Court has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiff could create a genuine issue of material facts as to each element of his claims. The evidence that the Court has been able to decipher does not create any fact issue, and it declines to spend its time in order to create one. The non-movant's burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. The Court's time and resources are limited, and the Court will not do Plaintiff's work for him.

Plaintiff has not sustained his summary judgment burden. Defendant's motion for summary judgment should, therefore, be granted in its entirety and Plaintiff should take nothing by his claims in this case.

## Recommendation

Based on the foregoing, the Court recommends that Defendant's Motion for Summary Judgment (Dkt. 62) be GRANTED and that Plaintiff take nothing by his claims in this case.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

    **SIGNED this 25th day of July, 2008.**

                                                  _____
                                                  DON D. BUSH
                                                  UNITED STATES MAGISTRATE JUDGE